[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARD
Pursuant to a Collective Bargaining Agreement (CBA) between the parties, a grievance was heard by an arbitrator. Hearings were held in Hartford on December 4 and December 17, 1997, during which both parties were represented. Both parties were afforded a full opportunity to present evidence, both oral and written, to examine and cross-examine witnesses and otherwise to set forth their respective positions, arguments and proofs. At the CT Page 5959 conclusion of the hearing both parties submitted post-trial briefs. On February 23, 1998, the arbitrator rendered an award in the arbitration case, ruling in favor of the State of Connecticut and finding as a threshold matter that the dispute was not subject to arbitration.
The Union brought the arbitration on behalf of Wayne Marshall who did not receive an appointment to a social workers position despite the fact that he passed the examination for the position. The Union claimed that Mr. Marshall's failure to obtain the position was the result of discrimination motivated by his union activities. The Union claimed that the State discriminated against Mr. Marshall in violation of Article 19 of the CBA.
The State responded that the matter was not arbitrable because of the provisions of Connecticut General Statute § 5-272
(b) which provides in part:
 "Nothing shall diminish the authority and the power of . . . the Department of Administrative Services . . . to establish, conduct and grade merit examinations and to rate candidates in order of their relative excellence from which appointments or promotions may be made to positions in the competitive division of the classified service of the State . . . the establishment, conduct in grading of merit examinations, the ratings of candidates and the establishment of lists from such examinations and the appointment from such lists shall not be subject to collective bargaining. [emphasis supplied]
It appears to the Court that the Union's interpretation of Connecticut General Statutes § 5-272 (d) would effectively read out of the Statute the underlined language. Further, the Union's interpretation would make arbitrable any allegation of arbitrary exercise of a management right. While the parties agreed in the CBA to arbitrate discrimination, the Court is not prepared to find that the parties intended the arbitration of discrimination to entirely override and nullify the exemption from the Collective Bargaining Agreement contained in Connecticut General Statute § 5-272 (d).
For the foregoing reasons, plaintiff's Application to Vacate Arbitration Award is overruled. The award is confirmed pursuant to Connecticut General Statute § 52-417 and § 52-420. CT Page 5960
By,
Kevin E. Booth, J.